**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

   Plaintiff,

 vs.

P. E. TINGEY, A. WILLIAMS, J. D. HOLLINGER, C. NOLL, and C. VAN HOOSE,

   Defendants.
            /

No. C 05-3498 PJH (PR)

**RULINGS; ORDER FOR PLAINTIFF TO SHOW CAUSE**

This is a civil rights case filed pro se by a prisoner. It was dismissed with leave to amend in the initial review order. Plaintiff has filed several motions and has amended.

## DISCUSSION

### 1. Motion for appointment of counsel

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has done an excellent job pleading his case, and the issues are simple. The motion for appointment of counsel will be denied.

**2. Other motions**

Plaintiff has filed two motions for leave to amend, and has amended once as of right. Because the complaint has not yet been served, no prejudice will arise from allowing the most recent amendment, the third amended complaint. The motion for leave to file it will be granted and the amendment filed. It is reviewed below.

The earlier motion to amend is mooted by the grant of the motion for leave to file the third amended complaint, and plaintiff has withdrawn his motion for a stay.

**3. Review of third amended complaint**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

Plaintiff alleges that defendant Tingey reviewed his conviction of a rule violation and ordered that the Rules Violation Report ("RVR") be reissued and reheard because of procedural errors. Plaintiff contends that Tingey deliberately falsified her order requiring that the report be reissued and reheard so that the new RVR could be written for a more serious rule violation. He alleges that this violated his due process, Eighth Amendment,

and First Amendment rights, and was in retaliation for his "beat[ing]" attempted murder charges from the same incident.

Plaintiff alleges that defendant Hollinger, the hearing officer on the reissued report, violated various of his due process rights in the course of finding him guilty. Among other sanctions imposed for the rules violation was the loss of 360 days of good time credit. The other defendants are alleged to have failed to consider his attempted administrative appeal and to have been members of the classification committee which imposed a Security Housing Unit (SHU) term as a consequence of his having been found guilty of the rules violation.

Plaintiff requests relief of an injunction voiding the RVR decision and compensatory and punitive damages. Because it would directly impact the length of his sentence, the request that the disciplinary decision be voided is relief that can be sought only by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The request for injunctive relief will be dismissed.

As to the damages claims, the United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

*Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90 (footnote omitted). Any such claim is not cognizable and therefore must be dismissed. *Edwards*, 520 U.S. at 649; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without

3

prejudice under 28 U.S.C. §1915).

*Heck* has been applied beyond cases which involve a challenge to the fact of conviction or to the sentence as imposed by a court, including attacks on disciplinary decisions that involve a loss of good time credits, as here.  *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).  If plaintiff is successful here, it appears that would implicate the validity of the present calculation of the length of his sentence.  In short, if *Heck* applies, plaintiff cannot pursue Section 1983 claims going to the validity of his RVR conviction until he gets it set aside by way of other proceedings, probably in a state or federal habeas case.

Plaintiff will be ordered to show cause why the case should not be dismissed under *Heck*.

## CONCLUSION

1. Plaintiff's motion for leave to file a third amended complaint (document number 14 on the docket) is **GRANTED.**  The amendment shall be filed.  His earlier motion for leave to amend (document number 11) is **DENIED** as moot.  Plaintiff has withdrawn his motion for a stay (document 13); the clerk shall terminate it.  His motion for appointment of counsel (document 10) is **DENIED** for the reasons set out above.

2. On review of the third amended complaint, plaintiff's injunctive relief claim is **DISMISSED**.

3. Plaintiff shall show cause within thirty days of the date this order is entered why the case should not be dismissed pursuant to *Heck*, as discussed above.

**IT IS SO ORDERED.**

Dated:  March 1, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\MORALES498.OSC-P

4