UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

        Plaintiff,

  vs.

P. E. TINGEY, A. WILLIAMS, J. D. HOLLINGER, C. NOLL, and C. VAN HOOSE,

        Defendants.

        No. C 05-3498 PJH (PR)

**ORDER OF SERVICE**

    This is a civil rights case filed pro se by a prisoner. Plaintiff alleges that the defendants had various roles in the reissue and rehearing of a RVR (rules violation report) which resulted in plaintiff being found guilty of a more serious rule violation than the one which had originally been charged. He contends that this was in retaliation for his "beating" an attempted murder charge involving the same incident. He also asserts various due process violations in the course of the hearing, including that he was not allowed to be present.

    The complaint was dismissed with leave to amend in the initial review order. Plaintiff then filed several amendments. Upon review of the third amended complaint the court noted that plaintiff had alleged he lost good time as a result of being found guilty of the rule violation. The request for injunctive relief was dismissed on grounds that because it would go to the length of plaintiff's confinement it could only be brought in a habeas action, and plaintiff was ordered to show cause why the remaining damages claims should not be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). In response plaintiff says that his claims do not go to the length of his confinement, because he

challenges only the procedures used to charge him and find him guilty, not the outcome of the hearing itself, and that as a result the relief granted would be a new hearing on the original RVR rather than the revised one, and that he could lose just as many days of good time on that charge as he did on the current one. This is not entirely clear, but it is sufficient to allow the case to proceed so defendants can be heard from on the issue.

**CONCLUSION**

1. The court has reconsidered the dismissal of the injunctive relief request. The dismissal of that claim is **VACATED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: P. E. Tingey, A. Williams, J. D. Hollinger, C. Noll, and C. Van Hoose. Plaintiff states that these defendants can be found at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion, or inform the court that all parties have been served and that the case is suitable for an attempt at early settlement pursuant to the court's Pro Se Prisoner Mediation Program. If defendants are of the opinion that this case cannot be resolved by dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    c.  If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: 7/24/07

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\MORALES498.SRV.wpd

3