UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

        Plaintiff,

  vs.

P. E. TINGEY, A. WILLIAMS, J. D. HOLLINGER, C. NOLL, and C. VAN HOOSE,

        Defendants.

        No. C 05-3498 PJH (PR)

**ORDER GRANTING MOTION TO DISMISS**

    This is a civil rights case filed pro se by a state prisoner. Plaintiff alleges that the defendants had various roles in the reissue and rehearing of a RVR (rules violation report) which resulted in plaintiff being found guilty of a more serious rule violation than the one which had originally been charged. He contends that this was in retaliation for his "beating" an attempted murder charge involving the same incident. He also asserts various due process violations in the course of the hearing, including that he was not allowed to be present.

    Defendants have now filed an unenumerated motion to dismiss in which they contend that plaintiff failed to exhaust administrative remedies. Plaintiff has opposed the motion and defendants have replied. For the reasons set out below, the motion will be granted.

**DISCUSSION**

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice.

2

*Id.* at 1120.

Defendants have provided evidence in the form of a declaration from the Inmate Appeals Coordinator at Salinas Valley State Prison sufficient to establish that plaintiff did not exhaust the claims in this case through the third and final (director's) level, and plaintiff does not contend otherwise. *See* Decl. Variz. Plaintiff does contend, however, that he was prevented from exhausting. His opposition is signed under penalty of perjury, so serves as a declaration, that is, evidence of the facts alleged in it.

Plaintiff asserts that he filed a timely administrative appeal on August 20, 2003, and it was screened out by the appeals coordinator for not including supporting documents. Opp. at 4. Plaintiff had fifteen days to resubmit the appeal with the required supporting papers. Decl. Variz at ¶ 10. Nearly a month later, on September 18, 2003, he resubmitted it with the necessary documents. *Id.* It was screened out again, this time because the original RVR was void. *Id.* Plaintiff does not say whether there was any more explanation than that, and does not say what he interprets that to mean. On October 31, 2003, he submitted the appeal again. *Id.* He does not say what happened to this appeal, but in his declaration the appeals coordinator says that it was screened out. Decl. Variz, ¶ 11. On December 9, 2003, plaintiff submitted another appeal asking for a response to the October 31 appeal. *Id.* This appeal was screened out as untimely, Decl. Variz at Ex. E, but the notice that it had been screened out was never received by plaintiff, Opp. at 4. After his transfer to Pelican Bay State Prison, plaintiff submitted an appeal directly to the third formal level, where it was screened out because he had not received a response from the second level. *Id.*

Plaintiff does not dispute defendants' contention that he did not "challenge" the correctness of the screenings described above. *See* Decl. Variz, ¶ 11. Defendants do not say how a prisoner might go about challenging the correctness of a screening decision or what that word might mean in this context.

Plaintiff argues that he exhausted "by pre-*Woodford* standards." The reference is to *Woodford v. Ngo*, 548 U.S. 81 (2006), in which the Court held that the Prisoner Ligation

3

Reform Act's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 548 U.S. at 84. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).

Plaintiff contends that application of *Woodford* to him would violate "ex post facto" because *Woodford* was decided several years after he filed his administrative appeals. He is incorrect; the Ex Post Facto Clause applies only to penal statutes. *See Kansas v. Hendricks*, 521 U.S. 346, 370 (1997). In fact, the general rule as to retroactive application of controlling authority is that a court applies all higher court decisions in existence at the time the lower court rules. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 94-99 (1993). *Woodford* thus applies here.

Plaintiff also contends he should be excused from exhausting because of "special circumstances." This contention is based on a second circuit case, *Hemphill v. New York*, 380 F.3d 680 (2004), in which the court noted that in the second circuit prisoners can be excused from failure to comply with procedural requirements for exhaustion, even if administrative remedies were available, if they can show "special circumstances." *Id.* at 689. The only "special circumstance" described in *Hemphill* and in the case that adopted the exception, *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004), is when a prisoner relies on his reasonable but mistaken interpretation of an ambiguous regulation governing exhaustion, and as a consequence does not properly exhaust. *Hemphill*, 380 F.3d at 689-90; *Giano*, 380 F.3d at 676. Plaintiff here does not contend that he was misled into making procedural errors by an ambiguous regulation, so it would not avail him for this court to adopt the second circuit rule.

The simple fact is that plaintiff did file a timely administrative appeal on August 20, 2003, which was screened out for failure to attach the documents from the RVR hearing. He had fifteen days to attach the documents and return the appeal, but did not do so within the time allowed. His claims here thus are barred by the *Woodford* rule: If claims are not

4

exhausted because of failure to comply with a procedural rule for administrative exhaustion, those claims are barred in federal court by Section 1997e(a).  548 U.S. at 84. The motion to dismiss will be granted.

## CONCLUSION

The motion to dismiss (document number 34 on the docket) is **GRANTED**.  The complaint is **DISMISSED** without prejudice.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 27, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\MORALES498.DSM-EXH.wpd