United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE LUIS MORALES,

    Plaintiff,

vs.

P. E. TINGEY, A. WILLIAMS, J. D. HOLLINGER, C. NOLL, and C. VAN HOOSE,

    Defendants.

No. C 05-3498 PJH (PR)

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND REOPENING CASE; SCHEDULING ORDER**

    This is a civil rights case filed pro se by a state prisoner. The court granted defendants' motion to dismiss on grounds that plaintiff had not exhausted. Plaintiff has filed a motion to alter or amend the judgment. *See* Fed. R.Civ.P. 59(e). The motion is unopposed.

    A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *Id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

1    Plaintiff claimed that the defendants had various roles in the reissue and rehearing
2 of a RVR (rules violation report) which resulted in plaintiff being found guilty of a more
3 serious rule violation than the one which had originally been charged.  He contended that
4 this was in retaliation for his "beating" an attempted murder charge involving the same
5 incident, and that his due process rights were violated in the course of the hearing.
6    Plaintiff attempted to exhaust his administrative remedies by filing an administrative
7 appeal (grievance) on August 20, 2003.  It was screened out by the ligation coordinator and
8 returned to plaintiff because he did not attach supporting documentation.  Plaintiff refiled
9 the appeal, attaching the original RVR decision and the new, reissued RVR; he says that
10 he sent it on September 13, 2003, and it is shown in defendants' records as having been
11 received on September 18.  This appeal was again screened out; defendants' records do
12 not show why, and they have no copies of the appeal, but plaintiff says that it was because
13 the original RVR decision attached to the appeal – the one that had been vacated and
14 ordered to be reheard – was "void."  Why attaching a copy of a void RVR decision would
15 make the grievance improper is unclear, given that plaintiff contends he also attached a
16 copy of the new RVR and given that the point of the grievance was that the reissued RVR
17 violated a California rule against charging a more serious rule violation on remand.  If
18 anything, it would seem that the vacated RVR decision was necessary, to show that the
19 new RVR charged a greater offense.
20    In granting defendants' motion to dismiss the court said:  "The simple fact is that
21 plaintiff did file a timely administrative appeal on August 20, 2003, which was screened out
22 for failure to attach the documents from the RVR hearing.  He had fifteen days to attach the
23 documents and return the appeal, but did not do so within the time allowed.  His claims
24 here thus are barred by the *Woodford* rule:  If claims are not exhausted because of failure
25 to comply with a procedural rule for administrative exhaustion, those claims are barred in
26 federal court by Section 1997e(a).  *[Woodford v. Ngo,]* 548 U.S. [81], 84 [(2006)]."  This
27 holding was based on a clear error of fact:  The fifteen days plaintiff had to refile the
28 grievance after it was first screened out ran from the time it was returned, September 3,

2003, so the appeal – refiled on September 13th or on the 18th at the latest – was timely and not in violation of a "procedural rule for administrative exhaustion." *Woodford*, 548 U.S. at 84. Although plaintiff did not emphasize this point in his opposition, he did mention it, so there was no lack of diligence on his part. The motion will be granted.

## CONCLUSION

1. Plaintiff's Rule 59(e) motion (document number 47) is **GRANTED**. The judgment is **VACATED**. The clerk shall reopen the case.

2. No later than sixty days from the date this order is entered, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.

4. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

**IT IS SO ORDERED.**

Dated: 2/3/10

                       PHYLLIS J. HAMILTON
                       United States District Judge

P:\PRO-SE\PJH\CR.05\MORALES498.RECON.wpd