UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSE LUIS MORALES,

    Plaintiff,

vs.

P. E. TINGEY, A. WILLIAMS, J. D. HOLLINGER, C. NOLL, and C. VAN HOOSE,

    Defendants.

No. C 05-3498 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS**

    This civil rights case filed pro se by a state prisoner was dismissed and closed on March 9, 2011. Plaintiff filed a motion to alter or amend the judgment that was denied on March 26, 2012. Plaintiff's appeal to the Ninth Circuit was dismissed for lack of jurisdiction on October 19, 2012, as plaintiff's appeal was late. On November 30, 2012, plaintiff filed a motion for reconsideration to reopen the case to allow him to timely file a notice of appeal. The court denied the motion for reconsideration noting that missing a deadline to file an appeal was not a sufficient reason to reopen a case and that his motion for reconsideration was quite untimely.[1]

    Plaintiff then filed a new appeal with the Ninth Circuit regarding this court's denial of his motion for reconsideration. The Ninth Circuit has referred the case back to this court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue or whether the appeal is frivolous or taken in bad faith.

---

[1] The court noted that his motion for reconsideration was also untimely if it was construed as either pursuant to Fed. R. Civ. P. 60(b) (one year after entry of judgment) or pursuant to 59(e) to amend the judgment (twenty-eight days after entry of judgment) as judgment was entered on March 9, 2011.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). However, even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

In this case it is clear that plaintiff's motion for reconsideration was untimely and not meritorious. As the denial of the motion for reconsideration was the only issue on this most recent appeal, it is frivolous and taken in bad faith. In addition, plaintiff has filed a new motion for reconsideration, which is also untimely for the same reasons as the prior motion.

Therefore, plaintiff's appeal of this court's denial of his motion for reconsideration is frivolous and taken in bad faith and his in forma pauperis status is **REVOKED**. The Clerk shall forward this Order to the Ninth Circuit in case No. 13-15243. Plaintiff's motion for reconsideration (Docket No. 107) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 25, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\Morales3498.Recon4.wpd